UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 05-72726-aer7 |
| DEE ODELIA GANGESTAD, ) | |
| ) | MEMORANDUM OPINION |
| Debtor. ) | |

This matter comes before the court on the Chapter 7 Trustee's (Trustee) objection to OSU Federal Credit Union's (OSU) proof of claim #1. After hearing, the parties submitted briefs and have submitted the matter on the record.

Facts:

The following facts are undisputed:

Debtor filed her Chapter 7 petition, herein, on October 14, 2005.[1] OSU is secured in a 1998 Chevy Blazer (the vehicle). This is an asset case with a likely distribution to general unsecured creditors. OSU has filed proof of claim #1 for $9,991.85, of which $7,787.00 is

---

[1] The filing was before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub.L. No. 109-8, 119 Stat. 23 (2005). As such, pre-BAPCPA law applies.

MEMORANDUM OPINION-1

claimed as secured representing the vehicle's value, and $2,204.85 is claimed as general unsecured, representing the undersecured portion of the claim. Trustee has not yet abandoned the vehicle. Debtor has continued to pay the current installments due on the debt to OSU under a "ride-through."[2] OSU has not released any portion of its lien and will not do so until the debt is paid in full. To the extent OSU receives a dividend from the Chapter 7 estate on its unsecured claim, it will credit the unpaid balance due. Debtor received her discharge on February 13, 2006.

## Issues

Trustee contends that OSU's claim should be treated as fully secured and that OSU should not share in any distribution from the estate to general unsecured creditors. Trustee argues that since OSU has not released its lien to the extent of the undersecured portion of the debt, it should be estopped from asserting an undersecured claim against the estate. He argues that the vehicle must be liquidated in order for OSU to have an unsecured claim in the bankruptcy.[3]

---

[2] See, McClellan Federal Credit Union v. Parker *(In Re Parker)*, 139 F.3d 668 (9th Cir. 1998) (interpreting pre-BAPCPA § 521(2), holding, debtor need not reaffirm or redeem in order to retain collateral, so long as the contract is not in default).

[3] Trustee also indicates that collecting the full amount of the debt on these facts amounts to a de facto reaffirmation and a violation of the discharge injunction. To the extent it is relevant to the matter before the court, Trustee has no standing to allege a discharge violation. The discharge injunction of § 524(a) protects the Debtor, not the estate. Further, as discussed below, OSU's refusal to release its lien on the undersecured portion of the debt, does not implicate the discharge, but rather goes to its post-petition lien rights.

MEMORANDUM OPINION-2

OSU maintains that 11 U.S.C. § 506(a)(1)'s[4] bifurcation provision is applicable. It does not require liquidation of the vehicle.

Based on the following discussion, this court rejects Trustee's arguments.

### Discussion

Trustee does not specify what type of "estoppel" he is relying upon. There are three main types of estoppel, judicial, collateral and equitable.

In order to make out a case for judicial estoppel, the trustee would have to establish that OSU has previously prevailed, by taking a contrary position in another judicial proceeding. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-783 (9th Cir. 2001). Here, no court has been involved in OSU's decision not to release its lien. Trustee has not argued that OSU has previously taken a contrary position in a different legal proceeding.

In a similar vein, collateral estoppel, (i.e., issue preclusion), requires a final decision by an adjudicative body on the merits. Silva v. Smith's Pacific Shrimp, Inc, *(In re Silva)*, 190 B.R. 889, 892 (9th Cir. B.A.P. (E.D. Wa.) 1995). Once again, there does not appear to be any prior judicial proceedings involving OSU, Trustee or their privies.

Finally, equitable estoppel requires that there be conduct by one party (OSU) on which the other party (Trustee) relied to its detriment, such that OSU should be estopped to change its position. Here, Trustee can point to no detrimental reliance. Further, OSU's position about its

---

[4] Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States Code.

MEMORANDUM OPINION-3

decision not to release its lien has been consistent throughout this bankruptcy proceeding.

The trustee's argument that the vehicle must be liquidated as a condition precedent for OSU to have an allowed unsecured claim is likewise without merit. Bifurcation of OSU's claim occurs automatically by operation of law. § 506(a)(1)[5]. The bifurcation depends on the value of the collateral. When, as here, the value of the collateral is less than the amount of the creditor's claim, the claim is bifurcated into a secured and an unsecured claim. As noted by the court in In re Costello, 184 BR 166, 171 (Bankr. M.D. Fla. 1995), a Chapter 7 case, "[t]here is no requirement that the creditor first obtain a deficiency judgment in the non-bankruptcy forum as a prerequisite for bifurcating a claim into a secured and unsecured part."

Here, a sale by the estate is neither requested nor warranted. There is admittedly no equity in the vehicle. Trustee would have no reason to sell it. It is inevitable that the vehicle will eventually be

---

[5] Section 506(a)(1) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

MEMORANDUM OPINION-4

abandoned.  Under Parker, as long as Debtor remains current in her payments to OSU, OSU may not compel liquidation.

Trustee argues that OSU's refusal to release its lien on the undersecured portion of the debt is an acknowledgment that the debt is fully secured.  This misconstrues the holding in Dewsnup v. Timm, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992).  There, the court reaffirmed the general principle that liens pass through bankruptcy unaffected.  Specifically, it rejected a reading of § 506(d) which would have allowed Chapter 7 debtors to strip-off the undersecured portion of a lien.  The Dewsnup court stated:

> It is true that his [the undersecured creditor's] participation in the bankruptcy results in his having the benefit of an allowed unsecured claim as well as his allowed secured claim. . . .

Id. at 418, 112 S.Ct. at 778, 116 L. Ed. 2d at 911.

Although neither party cites it, In re Mobley, 201 B.R. 851 (N.D. Fla. 1996) could be read to support Trustee's position.  There the court disallowed an undersecured claim in a Chapter 7, where the debtor reaffirmed the underlying debt and the creditor maintained its lien on the full balance.  To the extent Mobley's holding relied on the debtor reaffirming the full debt, it is distinguishable from the ride-through at issue here, where the debtor can surrender the vehicle at any instant, without exposure to personal liability.  Mobley also cites state (Florida) law, holding that a secured creditor's collateral needs to be liquidated before an undersecured "deficiency" may be allowed.  Id. at

MEMORANDUM OPINION-5

853. As discussed above, neither § 502(b)(1)[6] nor § 506(a) compel such a result in a bankruptcy proceeding.

## Conclusion

Trustee's objection is overruled. OSU's proof of claim #1 is allowed, including the amount of $2,204.85 as a general unsecured claim. An appropriate order will be entered. The above constitute the court's findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

---

[6] Section 502(b)(1) provides:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

Trustee cites no authority that OSU's claim is not allowable under § 502(b)(1).

MEMORANDUM OPINION-6